| | |
|---|---|
| 1 | Scott Alan [Odam] |
| 2 | c/o 2119 56th St |
| 3 | Lubbock, TX 79412 |
| 4 | 806-438-1976 |
| 5 | scottodam@suddenlink.net |

# DISTRICT COURT
# FOR THE UNITED STATES
# FOR THE NORTHERN DISTRICT OF TEXAS,
# LUBBOCK DIVISION

| | |
|---|---|
| **Scott Alan [Odam]**, <br> Claimant <br><br> v. <br><br> Greg Abbott (A.G.), Mark Hocker, Aurora Hernandez, Tom Brummett, R. Clay Kimbrough, J. Shinn, Knesbitt, Robert Doty, John Grace, <br> **Wrongdoers** | 2nd AMENDED[1], <br> NOTICE OF FEIGNED ACTION, <br> HABEAS CORPUS <br> (prerogative writ and not under code) <br><br> Federal Question [2] <br><br> Case No: 5-14CV-154-C |

*(Any perceived use of your codes is for your reference purposes only, considered as "c.f." and not meant to create any presumption of benefit, legal duty or liability on my part, but to show that your beliefs coincide with my beliefs; all legal presumptions notwithstanding and no process, procedure or otherwise by Claimant shall be construed to traverse standing).*

**CLERK'S NOTICE**

**This Claim is recorded for the "District Court of the United States" [3][4] (as the Odam Court) and NOT the "United States District Court" (see also [5][6]), nor shall this record be misconstrued as a pro se filing. If the recipient clerk is unable to process this pleading, please direct it to the proper official.**

If this case is in an improper jurisdiction, venue, or court, the court will <u>inform Claimant</u> of such proper jurisdiction, venue or court, and <u>MOVE THE CASE</u> to a court of proper jurisdiction or venue, such that proper and complete remedy may be provided. In the case of any denial of remedy, this court will inform the Petitioner of the proper court and procedure to obtain relief. If the judge finds cause of lack of authority to provide remedy, it shall be documented in writing with a finding of fact and conclusions at law. <u>The Writ of Mandamus being necessary to establish standing for First Amendment Redress, can be done in chambers without oral argument, shall be the first order of business and shall be moved up on the calendar to the earliest possible date, to establish proper standing to obtain complete remedy.</u>

---

[1] Formerly Titled Mandamus.
[2] *c.f.* 28 USC § 1331.
[3] In all cases of seizure on land, **the district court sits as a court of common law**... 8 Wheat. 395.
[4] **"Court of record'** is a <u>judicial tribunal</u> [seat, place, court of law] <u>having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceedings according to the course of **common law**</u>, its acts and proceedings being enrolled for a perpetual memorial. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689. of general jurisdiction.
[5] *c.f.* 28 USC § 2072 - Rules of procedure and evidence; power to prescribe
(a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.
(b) **Such rules shall not abridge, enlarge or modify any substantive right.** All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.
(c) Such rules may define when a ruling of a district court is final for the purposes of appeal under section 1291 of this title.
[6] *c.f.* F.R.C.P. Rule 17 & 81; *see also* Mookini el al. v. United States, 303 U.S. 201, 58 S.Ct. 543, 82 L.Ed. 748 (1938).

## 1. TABLE OF CONTENTS

1. TABLE OF CONTENTS ..................................................................................................... 2
2. IDENTITY OF PARTIES AND COUNSEL ...................................................................... 2
3. STATEMENT OF JURISDICTION .................................................................................... 3
4. HISTORY OF THE CASE ................................................................................................... 3
    4.1 Good Faith Exhaustion of Remedies    3
5. ISSUES PRESENTED .......................................................................................................... 4
    5.1 Non-Statutory Habeas Corpus    4
    5.1.1 Court Denying Justice by Requiring Fee for Defense ......................................... 5
    5.1.2 Fundamental Error - Not Amenable to Process .................................................. 6
    5.2 In the Alternative - Administrative Remedies Not Exhausted    7
    5.3 Or (Declaratory Judgment)    7
    5.3.1 Prior Notice Given to Secretary of State .............................................................. 7
    5.4 In the Alternative - Court Not Vested With Jurisdiction    8
    5.5 Further Issues As May Be Necessary    8
6. POINTS AND AUTHORITIES ........................................................................................... 8
    6.1 Law of the Case    8
7. DEMAND FOR RELIEF ..................................................................................................... 8
8. VERIFICATION ................................................................................................................. 10
9. VERIFICATION OF SERVICE ........................................................................................ 10

**Enclosures/attachments:**

| # | Description | # Pages |
|---|---|---|
| 1 | Certificate of Fact - Secretary of State | 1 |
| 2 | Proof of Restraint | 1 |
| 3 | Demand for Findings of Fact and Conclusions at Law (Delivered in Open Court) | 5 |
| 4 | Notice to Mark Hocker of Void Judgment | 2 |
| 5 | Lubbock Municipal Summons | 1 |
| 6 | Writ of Supersedeas | 3 |
| 7 | Memorandum for Declaratory Judgment (served in Mark Hockers Court) | 6 |
| 8 | Unsigned Judgments From County Court at Law #1 | 4 |
| 9 | Complaint by Affidavit to Magistrate & D.A. (on Mark Hocker) | 4 |
| 10 | Proof of Service to D.A.'s Office by Affidavit of Witnesses | 2 |
| 11 | Further Argument | 12 |
| 12 | Law of the Case | 6 |
| 13 | Texas Drivers License Application | 2 |
| 14 | Notice and Declaration (B.P.) | 1 |
| 15 | Disclaimer and Notice of Disclaimer | 2 |
| 16 | Request for Administrative Hearing (Exhibit 1) | 1 |
| 17 | Complaint by J. Shinn | 1 |
| 18 | Affidavit by J. Shinn | 1 |
| 19 | Law of The Case | 6 |

## 2. IDENTITY OF PARTIES AND COUNSEL

CLAIMANT:

1. Scott Alan [Odam], a man and unrepresented.

WRONGDOERS:

2. Greg Abbott (A.G.) [7][8],

County-
3. **Mark Hocker (Lubbock County Court at Law #1),**
4. Aurora Hernandez (Lubbock County Justice of the Peace Pct #3,
5. Tom Brummett (District Attorney Misdemeanor Chief),
6. R. Clay Kimbrough (D.A. Assistant Prosecutor),
7. J. Shinn (Public Safety Officer),
8. Knesbitt (Police Officer, LPD),

Municipal-
9. **Robert Doty (Lubbock Municipal Judge)**,
10. John Grace (Municipal Prosecutor)**,**

all of which have no attorney on record (see verification for addresses).

11. **Citation served on Judge Hocker and Doty** (all other parties served by constructive notice).

## 3. STATEMENT OF JURISDICTION

1. Claimant is a visitor at Lubbock County Texas with only a technical presence. Wrongdoers are all residents in Texas and the events happened at Lubbock County Texas.

## 4. HISTORY OF THE CASE

*4.1   Good Faith Exhaustion of Remedies*

1. Claimant was issued service of process from The State of Texas by way of the technical presence; jurisdiction was challenged by special appearance for constitutional due process violations in the following courts:

   a. **Lubbock County Justice of the Peace Pct #3** (Aurora Hernandez presiding) - special appearance challenge to jurisdiction, denied;

---

[7] Only substantial compliance... [Failure to notice in declaratory judgment] does not constitute fundamental error. Dorsaneo, Texas Litigation Guide § 45.05[3].

[8] 28 § 2254 - State Custody, Advisory Committee Note:
(1) The applicant is in jail, prison, or other actual physical restraint due to the state action he is attacking. The named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).
(2) The applicant is on probation or parole due to the state judgment he is attacking. The named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.
(3) The applicant is in custody in any other manner differing from (1) and (2) above due to the effects of the state action he seeks relief from. The named **respondent should be the attorney general** of the state wherein such action was taken.

b. **Lubbock County Court at Law #1** (Mark Hocker presiding) - de novo special appearance for stay of proceedings due to constitutional due process violations of jurisdiction and lack of remedies with administrative agency pertaining to jurisdiction, constituting fundamental error, summarily denied without consideration; no general appearance made prior to overruling [9];

c. **Lubbock Municipal Court** (Robert Doty presiding) - notice of failure to allow for exhaustion of administrative remedies, denied; (proceedings stayed upon determination of this relief)

d. **72nd District Court** (Ruben Reyes presiding) - "**Notice** of Writ of Mandamus" for fundamental error, court denied for lack of jurisdiction[10];

e. **7th Court of Appeals Amarillo** (Quinn, CJ., Campbell and Pirtle, JJ,, filed 7/30/14) - denied for lack of a statutory fee;

f. **Supreme Court of Texas** (filed 8/14/14) - denied for lack of a statutory fee;

g. **Federal District Court** - and is now required of this Court.

## 5. ISSUES PRESENTED

CAUSE # 2011-466, 341 & 343 (County Court at Law #1);
CAUSE # 13-78898 (Lubbock Municipal Court)
CAUSE # 11-137,680 (Lubbock Municipal Court)

### *5.1    Non-Statutory Habeas Corpus*

1. Claimant is under constructive custody[11] in which exceptional circumstances warrant the exercise of the Court's discretionary powers, and that adequate relief cannot be obtained in any other form or from any other court. Claimant has exhausted available remedies in the state courts, there is an absence of a remedy from state corrective process, remedy has been otherwise barred, or they are ineffective to protect the inherent rights of Claimant, or otherwise come within the provisions of violations of the Constitution.

---

[9] A nonresident defendant who has made a special appearance to object to the exercise of jurisdiction does not waive the jurisdictional objection by appearing generally for any purpose, after the objection to jurisdiction is overruled. Dorsaneo, Texas Litigation Guide § 60.01[2].

[10] Issues in the County Court and Municipal Court combined in the interest of justice and due to the nature of the claims.

[11] "[i]t [habeas corpus] is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose—the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty." * * * "[B]esides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." 398 F.2d at 710–711

2. Although a non-statutory habeas is rarely granted, a motion for such relief may be made at any time; tardiness is irrelevant where a constitutional issue is raised and where the constructive prisoner is still confined (see Exhibit # 2, 5 & 8 for proof of restraint). Good faith has been shown by the Claimant, the acts preformed by the Wrongdoers are under color and are in violation of the Constitution or laws or treaties of the United States [12], and for these reasons habeas should be considered; as such the fee should be $5.00 [13][14][15].

### 5.1.1 Court Denying Justice by Requiring Fee for Defense

1. Justice is being denied in this special instance by restricting remedy, and requiring **a fee for access to the court** for the fundamental right of defense, or **without proper construance of notice provided** to the court, whatever it should properly be named or the right to petition for redress, as would be reasonable or necessary to effect or provide a remedy.

2. The originating court and the de novo court have not kept the status quo in judicial procedures and have failed in their duty of constitutional due process, and without a general appearance being made prior to overruling [16].

3. It would shock the conscience if a defendant should be required to pay for access to a court to make an answer or to prove his innocence. Yet in fact Claimant has already paid a "de novo" fee and noticed the court by way of a Writ of Supersedeas etc., and clearly not for an appeal but with a requirement that would serve the same purpose if it had been titled mandamus, error, habeas, or no title at all, only to have the de novo court, not only fail in its duty but resort to trickery.

---

[12] *c.f.* 28 U. S. C. § 1651, § 2241, §2254(b).
[13] *c.f.* 28 USC § 1914(a) Miscellaneous fees for original process of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.00..
[14] http://www.uscourts.gov/FormsAndFees/Fees/DistrictCourtMiscellaneousFeeSchedule.aspx
District Court Miscellaneous Fee Schedule - 14. Administrative fee for filing a civil action, suit, or proceeding in a district court, $50. **This fee does not apply to applications for a writ of *habeas corpus*.**
[15] *c.f.* F.R.C.P Rule 38 Fees.
[16] A nonresident defendant who has made a special appearance to object to the exercise of jurisdiction does not waive the jurisdictional objection by appearing generally for any purpose, after the objection to jurisdiction is overruled. Dorsaneo, Texas Litigation Guide § 60.01[2].

4. Local magistrate (Melissa Jo McNamara) has failed to act upon Claimants "**Complaint by Affidavit**" [17] (see **Exhibit # 9** of "Notice of Writ of Mandamus") of wrongdoing by Respondent judges and prosecutors, further removing any vestitudes of a remedy prior to this action.

5. **NOTIFICATION IS HEREIN GIVEN** to the magistrates of this court, of wrongdoing or fraud upon the court [18] and requirement of remedy [19] (see **Exhibit 9** for notice of wrongdoing).

6. Claimant should not be defrauded of a 2nd fee when services have not been received for the first, remedy is barred, or when it becomes clear that due process is not obtainable or followed, and/or when it becomes clear that removal to federal court is the appropriate action as Claimant has no adequate remedy by appeal.

**5.1.2** <u>**Fundamental Error - Not Amenable to Process**</u>

1. Claimant has no contacts with forum state of any continuous, systematic or substantial nature and any purported domicile, being merely technical. Objection is not waived by contract, general appearance or otherwise, thereby constitutional due process is denied and fraud and constructive fraud is commenced.

2. Cause of action did not arise out of the nonresident's attenuated affiliation or mere technical presence with Texas [20][21] and is without notions of fair play and substantial justice. The Wrongdoers have failed to reach the burden to plead sufficient allegations [22] or recognize demure, or allow for an

---

[17] *c.f.* Tex Code Crim Proc 15.04 & 15.05.
[18] *see also* misprision of a felony.
[19] <u>Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason.</u> *U.S. v. Will*, 449 U.S. 200, 216, 101 S.Ct. 471, 66 .Ed.2d 392, 406 (1980); *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821) <u>Any judge or attorney who does not report such judges for treason as required by law may themselves be guilty of misprison of treason,</u> 18 U.S.C. Section 2382.
[20] Whether the exercise of a state court's extraterritorial jurisdiction satisfies the requirements of the Due Process Clause **depends on the relationship among the defendant, the forum, and the litigation, rather than the** mutually exclusive sovereignty of the states or the **mere presence of property in the forum** [International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945); Shaffer v. Heitner, 433 U.S. 186, 212, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977)].
[21] We therefore conclude that **all assertions of state court jurisdiction must be evaluated** according to the standards set forth in International Shoe and its progeny [Shaffer v. Heitner, 433 U.S. 186, 212, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977)].
[22] Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 807 (Tex. 2002).

examination hearing for that purpose and "by raising the jurisdiction issue in federal court, the nonresident defendant places the burden on the plaintiff to prove in personam jurisdiction" [23].

### *5.2 In the Alternative - Administrative Remedies Not Exhausted*

1. If by some strange notion that fair play and substantial justice is deemed to be held in the mind, then, alternatively to the above conditions, Constitutional due process has been withheld by denial of exhaustion of administrative remedies as presented in "Notice for Writ of Mandamus" filed in the lower court and is included by reference as fully enclosed herein;

#### *5.2.1* **Or (Declaratory Judgment)**

1. Alternatively as related to the above condition, the primary jurisdiction doctrine of administrative remedies does not apply when the issue to be decided is inherently judicial in nature and it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the Claimant, nor is it a prerequisite for a declaratory judgment concerning the validity or applicability of an agency rule, and may be relaxed when the administrative remedies are inadequate, or when the agency's action is unconstitutional, beyond its jurisdiction, or clearly illegal, or if only constitutional challenges to statute is made, or purely questions of law [24]. Therefore demand is made for the court to give declaratory notice, as to the rights and duties of the parties thru Declaratory Judgment, or as may be necessary to notify the agencies (Department of Public Safety and Lubbock Police Department) of the rights and duties of the parties for future reference as it relates to the substantive rights of Claimant [25].

#### **5.2.2 Prior Notice Given to Secretary of State**

1. The State has been given actual notice and all agencies have been given prior constructive notice and actual notice at the time of the incidents, of all claims being made or any status of Claimant for correction of any record being used for presumptive evidence, regulatory control or authority or belief.

---

[23] Product Promotions, Inc. v. Cousteau, 495 F.2d483, 489-491 (5th Cir. [Tex.] 1974)].
[24] Dorsaneo, Texas litigation Guide §424.01[2], Administrative Proceedings, Direct Judicial Proceedings.
[25] *See also* 28 USC § 2202 Further relief.

*5.3     In the Alternative - Court Not Vested With Jurisdiction*

2. In further alternate than the foregoing issues, the record reflects that an information was not proffered, to vest the court with jurisdiction, or to determine a defense, or make a plea to the charge, further violating constitutional due process.

*5.4     Further Issues As May Be Necessary*

7. Further argument against fee, is presented in "Motion for Waiver of Fees", "Affidavit in Support of Motion to File without Purchase", and are included by reference as though fully enclosed herein.

8. Transcripts from the de novo court, as necessary, should further be provided without fee for the same reasons as above (see "Motion for Waiver of fees" pg 5).

3. If the preceding issues have not been adequate, any and all other remaining issues as presented in "Notice for Writ of Mandamus" filed in the lower court is herein included by reference as though fully stated, as may be necessary to conclude the relief sought.

## 6. POINTS AND AUTHORITIES

1. For further clarification if required, See separately filed "Notice of Writ of Mandamus" filed in the lower court and accompanying Exhibits, which is included herein by reference as though fully stated.

*6.1     Law of the Case*

1. Exhibit # 19.

## 7. DEMAND FOR RELIEF

WHEREFORE, the court did consider the matter and hereby directs the following:

2. Direct Mark Hocker, to **discharge CAUSE #** 2011-466, 341 & 343, styled The STATE OF TEXAS V. SCOTT A. ODAM, in which Claimant is charged under a line inspection with the quasi crime of **Speeding[26] & Operating a Motor Vehicle that was Unregistered or without License Plates;** and

3. **Release property** extorted by Wrongdoers by way of the Judicial Compliance Department for the County Court at Law #1(approximately $922.50), paid only when the lower court failed to provide a remedy for relief and remove an arrest warrant as required by emergency injunction filed with the

---

[26] With no evidence of a clear and present danger to the general public.

court (Claimant was arrested), and all payments were made under protest, reserving the right to reclaim (evidence of available upon request).

4. Direct Robert Doty, to **discharge CITATION NO**. 1378898, styled THE STATE OF TEXAS V. SCOTT A. ODAM, in which prosecutor is charged with the quasi criminal infraction of **Expired Registration, Expired Motor Vehicle Inspection, Driving While License Invalid and Expired Operator's License**.

5. Direct Robert Doty, to **discharge CITATION NO**. 11-137680, styled THE STATE OF TEXAS V. SCOTT A. ODAM, in which prosecutor is charged with the quasi criminal infraction of **Speeding, Expired Drivers License, Expired Registration and No Motor Vehicle Inspection.**

6. Release all monies paid to the Municipal Court, in association with said Traffic Infractions.

7. **Emergency and permanent injunction** on all wrongdoers and state actors from further collection and future harassment in their regulatory scheme;

8. **Declaratory notification** to the agencies of the State of Texas et. al, as to the duties of the agencies officers (as it relates to Claimant), with a requirement for all state agencies to update, correct and/or purge their records as it pertains to Prosecutor - written on Prosecutors behalf;

9. **Sanctions** against R. Clay Kimbrough, Tom Brummett for:
   i. Submitting false, libelous, unwarranted, and baseless pleadings.
   ii. Attempting to abuse this court for political rather than legitimate Constitutional purposes.
   iii. Establishing a religion by attempting to proceed without any evidence whatsoever.
   iv. Enslaving the Claimant for three years of uncompensated time responding to baseless charges, and thereby forcing him to make his private dealings into a public record in order to defend himself from libel.

10. **Disciplinary action** or sanctions against Aurora Hernandez and Mark Hocker for:
    i. Submitting false, libelous, unwarranted, and baseless pleadings.
    ii. Attempting to abuse this court for political rather than legitimate Constitutional purposes.
    iii. Establishing a religion by attempting to proceed without any evidence whatsoever.
    iv. Enslaving the Claimant for three years of uncompensated time responding to baseless charges, and thereby forcing him to make his private dealings into a public record in order to defend himself from libel.

11. **Disciplinary action** against J. Shinn and Knesbitt for misuse of emergency procedures and for all reasons shown above.

12. All other relief that Claimant shows is equitable and just for compensation and cost [27]; and

13. All other relief that may be available.

---

[27] In any proceeding under the Uniform Declaratory Judgments Act, the trial court is authorized to award **costs** and "reasonable and necessary" attorney's fees that are "equitable and just". [Dorsaneo, Texas Litigation Guide § 45.06[1]].

## 8. <u>VERIFICATION</u>

IN WITNESS OF THIS AGREEMENT, the undersigned states that all herein be true, to the best of my knowledge and ability, executed from *without* the "United States"; *c.f.* definition in 28 U.S.C. §1603(c), §1746(1) and 26 U.S.C. §7701(a)(10)(26)(31) as of the day and year first written above.

/S/
Scott Alan [Odam]

## 9. <u>VERIFICATION OF SERVICE</u>

This is to verify that a copy of the above-entitled and numbered claim has been served on all parties listed below by using the ECF system delivering of a true copy to them on the 9th day of September, 2014, enclosed in a wrapper properly addressed as follows:

**Citation only served on Mark Hocker and Robert Doty** (all other parties served by constructive notice).

THE STATE OF TEXAS
Greg Abbott (A.G.) [70],

TEXAS DEPARTMENT OF SAFETY
Office of General Counsel - Claims
5805 North Lamar Blvd.
Austin, Texas 78752-4431

THE CITY OF LUBBOCK
Rebecca Garza - Claims
1625 13th Street, Room 206
Lubbock, Texas 79401

Mark J. Hocker [Judge, CC #1]
Lubbock County Courthouse
904 Broadway, Suite 401
Lubbock, Texas 79401

Aurora Hernandez [Judge, J.P.]
904 Broadway, Suite 111
Lubbock, Texas 79401

Tom Brummett [Prosecutor]
904 Broadway, 2nd Floor
Lubbock, Texas 79408

R. Clay Kimbrough [Prosecutor]
904 Broadway, 2nd Floor
Lubbock, Texas 79408

J. Shinn [DPS Officer]
916 Texas Ave
Lubbock, Texas 79401

Robert Doty [Judge, Municipal]
915 Avenue J
Lubbock, Texas 79409

John Grace [Attorney]
Lubbock Municipal Court
915 Ave J
Lubbock, Texas 79409

Knesbitt [Officer]
916 Texas Ave
Lubbock, Texas 79401

/S/
Scott Alan [Odam]